UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 15-165 (32) (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| BURNEY ABDULAH PEOPLES, | |
| Defendant. | |

Deidre Y. Aanstad and Melinda A. Williams, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Ryan P. Garry, **RYAN GARRY, ATTORNEY, LLC**, 333 South Seventh Street, Suite 2350, Minneapolis, MN  55402, for defendant.

Defendant Burney Abdulah Peoples was charged with conspiracy to distribute various drugs along with forty other individuals.  He moved to suppress evidence obtained from wire interceptions and electronic surveillance, including two wiretaps.  On December 2, 2015, United States Magistrate Judge Leo I. Brisbois issued a report and recommendation ("R&R") recommending that the Court deny Peoples' motion because law enforcement satisfied the necessity requirement and relied on the Court's authorization in good faith.  Peoples now objects to the Magistrate Judge's recommendation, arguing that the wiretaps were not necessary because law enforcement

already had sufficient evidence to indict members of the conspiracy without them. Finding that law enforcement met the necessity requirement and acted in good faith, the Court will overrule Peoples' objection , adopt the R&R, and deny Peoples' motion to suppress.

## BACKGROUND

The Magistrate Judge thoroughly described the pertinent facts, and thus, the Court will only briefly discuss them here.  The challenged wiretaps, TT-1 and TT-3, were authorized by Court order on March 2, 2015, and March 26, 2015, respectively.  They were supported by affidavits describing alternative investigative methods – including confidential informants, controlled purchases, undercover investigations, physical surveillance, trash searches, grand jury subpoenas, pen registers, search warrants, and review of financial records – and explaining why each alternative was insufficient to meet law enforcement needs.  The affidavits suggested that certain goals of the investigation, including identifying the sources of supply and all coconspirators, would not adequately be achieved by other investigative means.  Additionally, the affidavit in support of TT-3 stated that the subject of the investigation had likely given the phone subject to TT-1 to his son, and thus, law enforcement had ceased monitoring its communications.  The TT-3 affidavit also stated that during the twelve days of interceptions on the first wiretap, law enforcement identified five additional coconspirators and intercepted communications about the source of supply, but did not identify the location or identity of the supply.

On August 10, 2015, Peoples filed a Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence.  (Mot. to Suppress, Aug. 10, 2015, Docket No. 599.)  On December 2, 2015, the Magistrate Judge issued an R&R, recommending that the Court deny Peoples' motion.  (R&R, Dec. 2, 2015, Docket No. 1,049.)  On December 15, 2015, Peoples objected to the Magistrate Judge's recommendation.  (Def.'s Obj. to R&R, Dec. 15, 2015, Docket No. 1,094.)

## ANALYSIS

**I.     STANDARD OF REVIEW**

After an R&R is filed by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Crim. P. 59(b)(2).  For a dispositive matter such as a motion to suppress evidence, "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(1), (3); see also 28 U.S.C. § 636(b)(1).  "The objections should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections."  *Nayer v. Walvatne*, No. 07-1958, 2009 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

**II.    PEOPLES' OBJECTIONS**

Peoples objects to the Magistrate Judge's recommendation to deny his motion.  Specifically, Peoples argues that the information gathered from the wiretaps should be suppressed because the wiretaps were not necessary for indictment, and therefore, they did not satisfy the statutory necessity requirement.

A wiretap application must include a "statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).  To authorize a wiretap, a judge must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be dangerous."  *Id.* § 2518(3)(c).  This "necessity requirement . . . insures that wiretaps are not routinely employed as the initial step in an investigation."  *United States v. Milliner*, 765 F.3d 836, 839 (8th Cir. 2014) (quoting *United States v. Jackson*, 345 F.3d 638, 644 (8th Cir. 2003)).

Peoples contends that the Magistrate Judge did not respond to his argument that the wiretaps were not necessary because the evidence was already sufficient for an indictment prior to the wiretaps.  However, the Magistrate Judge noted multiple times that law enforcement had reasonably attempted to use other techniques and that the wiretaps were aimed at "identifying the Beasley [organization] sources of supply, all the Beasley [organization] co-conspirators, the scope and extent of the conspiracy, and sufficient incriminating evidence against the member[s] of the Beasley [organization] necessary for their successful prosecution."  (R&R at 20; *see also id.* at 7, 10, 11, 12, 16 (discussing the purposes of the wiretaps).)  Thus, the goals of the wiretap extended beyond supporting the indictment of already-identified coconspirators.

Peoples has not cited to any cases suggesting that law enforcement's investigation must stop once they have sufficient evidence to indict a certain percentage of coconspirators, and the Court finds no such rule.  In fact, in *United States v. Milliner*, the

- 4 -

Eighth Circuit rejected similar arguments and found that wiretaps were proper even if law enforcement already possessed enough evidence to prosecute some actors. 765 F.3d at 839. It reasoned that law enforcement could pursue the wiretaps because it still lacked information about the sources of the defendant's drugs, and the wiretaps would "shed light on the full scope of the [drug] conspiracy." *Id.* at 839-40. The circumstances here are almost identical. While law enforcement had sufficient evidence to charge many of the coconspirators, it sought wiretaps to identify additional coconspirators, the source of the drugs, and shed further light on the conspiracy as a whole. Thus, the Court rejects Peoples' argument that the wiretaps were not necessary because some members of the conspiracy could have been charged before the wiretaps based on existing evidence.

Additionally, Peoples does not challenge the Magistrate Judge's alternative holding – that suppression is not proper because the officers relied on the wiretap authorization in good faith. (*See* R&R at 20.) Under the good faith principle, suppression is not warranted where it was objectively reasonable for the officer to rely on the judge's authorization. *United States v. Leon*, 468 U.S. 897, 922 (1984); *see also United States v. Moore*, 41 F.3d 370, 376 (8th Cir. 1994) (finding that the good faith doctrine recognized in *Leon* applies to statutory wiretap provisions). Peoples does not point to any aspect of the wiretap authorization or supporting affidavits suggesting that the officers' reliance was unreasonable, and the Court does not find any. *See United States v. Grant*, 490 F.3d 627, 632-33 (8th Cir. 2007) (describing recognized circumstances in which reliance would be objectively unreasonable). Thus, even if Peoples was correct and law enforcement did not satisfy the necessity requirement,

suppression would still not be warranted because the officers relied in good faith on the judicial determination that the wiretap requirements were satisfied.

Reviewing the challenged portion of the R&R *de novo*, the Court finds that law enforcement met the necessity requirement and operated in good faith, and therefore, the Court will overrule Peoples' objection to the R&R and deny his motion to suppress.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Peoples' objection to the R&R [Docket No. 1094], and **ADOPTS** the Magistrate Judge's R&R [Docket No. 1049]. **IT IS HEREBY ORDERED** that Peoples' Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence [Docket No. 599] is **DENIED**.

DATED: April 25, 2016  
at Minneapolis, Minnesota.

                                                  JOHN R. TUNHEIM  
                                                  Chief Judge  
                                          United States District Court